GABRIEL TUTHILL, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Change of venue for the convenience of witnesses — considerations other than the number of witnesses.*

Upon the decision of a motion to change the place of trial of an action for the convenience of witnesses there are other controlling considerations to be taken into account besides the number of the necessary witnesses of the parties.

APPEAL by the defendant, The Long Island Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Orange on the 6th day of November, 1893, denying, with costs, the defendant's motion to change the place of trial for the convenience of witnesses from the county of Orange to the county of Kings or Queens.

*W. C. Beecher*, for the appellant.

*Vanamee, Watts & Vail*, for the respondent.

DYKMAN, J.:

This action is based upon the negligence of the defendant which resulted in injury to the plaintiff.

The venue is laid in Orange county, where the plaintiff resides, and the defendant made a motion at a Special Term of this court to change the place of trial from Orange county to either Kings or Queens county for the convenience of witnesses. The motion was denied and the defendant has appealed from the order of denial.

The defendant swears to twenty witnesses and the plaintiff swears to twenty-one. Assuming, as we must, that all these witnesses are deemed necessary by the parties, the plaintiff makes the stronger case. It has been held that the motion must be denied where the number of witnesses is equal. (*Wood* v. *Bishop*, 5 Cow. 414.) But there are other controlling considerations. It is very unusual to change the place of trial from the country to the city, either the city of New York or Brooklyn.

The reason is that the court calendars in those cities are large and the uncertainties of a trial are so great that a litigant whose witnesses reside in the country encounters delays and expenses which would ordinarily deter him from the pursuit of his rights.

On the other hand, a cause upon the calendar of a country Circuit can always be set down for trial for a day when it will be reached and tried. In that way the convenience of witnesses is best subserved, even though they all reside in the city in which the trial is sought to be had.

In this case the distance to be traveled is the same for each set of witnesses, but that has now come to be a matter of small moment. The facilities of travel have annihilated space, and distance is counted by hours and minutes.

It is true the county of Queens is mentioned in the motion as an alternate county. The courts in that county are held at the court house in Long Island City, and the inconveniences of twenty-one witnesses in attending court there would be well nigh insurmountable.

Moreover, there is a difference in the situation of the parties. The plaintiff is in poor financial circumstances and unable to transport his witnesses. The reverse is the condition of the defendant. The health of the plaintiff is shattered and he is unable to endure

fatigue; no such condition obtains with the witnesses for the defendant.

The plaintiff is a resident of Orange county and his physicians reside there likewise. So do all his friends who knew his physical condition before the accident.

In our view, this is not a case where the location of the transaction should control.

The defendant's witnesses do not all reside either in Kings or Queens county; according to the affidavit six of them reside in New York.

Under all the circumstances surrounding the case, we think it should be retained in Orange county, and that the order should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.